# New York Finance Company, Appellant, *v.* United Security Life Insurance & Trust Company.

*Insurance—Life insurance—Endowment policy—Reinsurance.*

A life insurance company issued endowment insurance under a plan by which the insured received at once the face value of the policy, and gave to the insurance company security for the payment of ordinary life insurance premiums and interest on the moneys received. At the end of the endowment period, or the death of the insured, the latter, or his legal representatives, retained the money received, and the insurance company surrendered the security given. An applicant for such insurance was at first refused, because he was a sub-standard risk. Subsequently a policy was issued to him, and to secure the monthly payments of premiums and interest he gave his bond, and assigned a life estate which he owned. In accordance with an agreement to do so he also assigned absolutely and without conditions a life policy in another company. *Held,* that the policy in the other company was reinsurance, assigned as security against the sub-standard risk, and that upon the death of the insured the proceeds of the policy belonged to the company rather than to a later assignee.

Argued March 26, 1907. Appeal, No. 101, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1904, No. 848, on case stated in suit of New York Finance Company v. United Security Life Insurance & Trust Company of Pennsylvania. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine the ownership of a policy of life insurance.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on the case stated.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* and *Charles H. Burr,* for appellant.—An insurance company must either decline an applicant entirely or accept him on the ordinary basis of payment of yearly premiums and without any collateral.

It is a contradiction in terms for a life insurance company

to receive protection against the very event on the chance of which it is receiving premiums from the applicant.

*Henry LaBarre Jayne*, with him *Biddle & Ward*, for appellee.—The United Security Life Insurance and Trust Company had an insurable interest in the life of Charles J. Costello to the extent of the insurance carried by it upon his life and was entitled either to reinsure his life in another company or to accept from him an assignment of a policy already issued by another company upon his life: Philadelphia Ins. Co. v. Washington Ins. Co., 23 Pa. 253; Loomis v. Eagle Life & Health Ins. Co., 72 Mass. 396; Connecticut Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457; Warnock v. Davis, 104 U. S. 775; Corson's App., 113 Pa. 438.

No insurable interest in the United Security Life Insurance and Trust Company was required in this case, because Charles J. Costello himself insured his life in the New York Life Insurance Company, himself paid the premiums thereon out of his own property and himself directed payment of the proceeds at his death to the United Security Life Insurance and Trust Company : Connecticut Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457; Scott v. Dickson, 108 Pa. 6; Cunningham v. Smith, 70 Pa. 450; Blattenberger v. Holman, 103 Pa. 555.

OPINION BY MR. JUSTICE FELL, April 29, 1907 :

The facts that appear from the case stated and the exhibits thereto are these. C. S. Costello applied to the defendant company for endowment life insurance under a plan by which the insured receives at once the face value of the policy and gives to the insurance company security for the payment at fixed periods of certain sums of money, which are made up of the usual life insurance premiums and simple interest on the money received. These payments are to continue until the end of the endowment period or the death of the insured, when the insured or his legal representatives retains the money received and the insurance company surrenders the security given. If the insured fails to pay the premiums and interest, the policy lapses and he is required to return to the insurance company the amount received, less the surrender value of the policy at the time of default.

The defendant at first refused Costello's application on the advice of its medical examiner, but afterwards agreed to make the contract of insurance applied for, provided that he would obtain and assign to it an insurance policy of the New York Life Insurance Company for $3,000. In pursuance of this plan, the defendant company paid Costello $3,000 and he covenanted to make monthly payments of premiums and interest, and to secure the payments he gave his bond with warrant of attorney and assigned a life estate worth $1,000 a year, derived by will from his mother. He also obtained a policy of life insurance for $3,000 from the New York Life Insurance Company which he transferred to the defendant by an assignment which on its face was absolute and without conditions. Costello subsequently assigned his life estate and the policy of the New York Life Insurance Company to G. E. Hackett, who assigned them to the New York Finance Company, the plaintiff in this action.

Costello paid the interest on the money received and premiums on both policies from their date, October 26, 1898, until his death in May, 1904, when the defendant canceled his bond but claimed the insurance money due by the New York Life Insurance Company. The controversy relates to the right to this money and the decision of the case turns on the effect to be given to the assignment of the policy. If it was intended to secure the fulfillment of the condition of Costello's bond, to pay interest and premiums to the defendant during the life of its policy, it becomes the property of the plaintiff; if it was reinsurance, it belongs to the defendant.

The intention of the parties must be gathered from their acts. The transaction was not the loan of money and the giving of collateral security for its repayment. It was an insurance differing from the ordinary endowment insurance in the respect before mentioned, and the only difference between the policy issued and that in general use was in the provisions to secure the payments stipulated for, which were necessary because of the special plan of insurance. Costello was under no obligation to return the money received. The condition of his bond was that he should pay interest and insurance premiums, and to secure these payments he assigned his life estate. This assignment was provided for by the policy,

but no mention is made in it of other insurance to be obtained. If the risk had been one the defendant was willing to accept, the transaction would have ended with the giving of the bond, the assignment of the life estate, and the issuing of the policy.

But Costello was what is known as a sub-standard risk. The expectancy of his life was equal to that of a much older person or of one engaged in a hazardous occupation, and the defendant was unwilling to insure him. It finally agreed to issue its policy to him on condition that he would obtain and assign to it the policy of another insurance company. The purpose in requiring this policy could not have been to secure the payment of interest and premiums during Costello's life. This had already been secured to the defendant's satisfaction. If he defaulted in his payments, its policy lapsed and it could have recourse to his bond and sell his life estate. What it insisted upon was, not to be secured against a lapse of the policy, a risk it was willing to assume, but to be insured against the risk of sub-standard insurance; not against the risk of his failure to pay if living, but that of his death at a period earlier than the usual expectancy of the life of a person of his age. The policy of the New York Life Insurance Company was therefore not a pledge to secure the fulfillment of Costello's bond, but a reinsurance of his life for the benefit of the defendant.

The judgment is affirmed.